STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 JUL 18 P 4: 17

STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CRIMINAL ACTION
Docket No.    CR-02-610

JAMES R. GRIFFIN,

        Petitioner

v.

STATE OF MAINE,

        Respondent

**DECISION AND JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2003

The petitioner was convicted on May 3, 2001 of theft (Class B), 17-A M.R.S.A. § 353. Upon his plea of guilty, Mr. Griffin was sentenced to nine years at the Department of Corrections. Three years of the sentence were suspended and he was placed on probation for a period of four years. He was represented by counsel at the plea and sentencing.

The petitioner subsequently filed an application for leave to appeal the sentence which was denied on October 16, 2001.

On March 5, 2002, Griffin filed a *pro se* motion to correct or reduce sentence, M.R. Crim. P. 35, on the grounds that "a mistake of fact existed at the time of sentence which had significant influence on the sentencing proceeding." The motion was denied.

The record of the underlying case, docket no. CR-00-1527, shows that after entering his guilty plea to the Class B theft/embezzlement charge the case was continued for sentence.[1] Two months later the court held a full hearing before accepting the State's recommendation.

---

[1] Prior to the date of sentencing the defendant also admitted to a probation violation on another case (docket no. CR-00-303), Class D theft. The conduct for the violation was based on the new theft/embezzlement case.

Griffin's present petition for post-conviction review alleges two grounds for relief that he was not given an opportunity to rebut "aggravating evidence" presented by the State at sentencing that was not included in the pre-sentence report.[2] Specifically, he complains that the victim, Alan Mooney, president and owner of the business from which over $140,000.00 was taken,[3] made statements that were relied upon by the court in sentencing and that he was not provided an opportunity to rebut the information.

For purposes of this proceeding, the parties have stipulated that the letter written by Mooney and read by him at sentencing was in the State's possession "sometime prior to the sentencing hearing and [the State] failed to provide it to the defendant or his counsel." There is a date stamp on the copy in the court's file, indicating that the letter had been "received" in the clerk's office on April 5, 2001, but there is no docket entry of the filing nor any notation that the clerk provided a copy to the defendant or his counsel. The transcript of the sentencing hearing reveals that the presiding justice was aware of Mooney's letter, but it is unclear when he read it. *See* transcript of May 3, 2001, p. 3, lines 20-23.

M.R. Crim. P. 32(3) provides that when the court has ordered a pre-sentence report to be prepared as an aide in sentencing, that the defendant shall be "accorded an opportunity to examine the content of the report . . . at least 48 hours" prior to sentencing. It is contemplated that such a report will provide to the sentencing justice all relevant information upon which sentence will be determined. In the usual case, a

---

[2] The petitioner refers to a presentence report (PSI), however, there is no record of a PSI being ordered, or prepared, nor is there any record that either the State or the defendant filed a sentencing memo.

[3] The State alleges it was approximately $192,000.00. The defendant asserts it was not over $142,000.00.

victim impact statement, similar to Mr. Mooney's letter to the court, is included. Rule 32 also provides the defendant an opportunity to respond to any document whenever the court receives an oral PSI. Mr. Mooney's statement to the presiding justice is most similar to an oral PSI where a defendant most probably is unaware in advance of the information to be given to the court.

Title 17-A M.R.S.A. § 1257(2) allows a victim to participate in the sentencing process by "[m]aking an oral statement in open court; or by submitting a written statement to the court whether directly or through the attorney for the State." *See* 17-A M.R.S.A. § 1174.

After Mooney presented his statement to the court, both Griffin and his counsel were given an unfettered opportunity to address the justice.

In denying the petitioner's motion to reduce sentence, the sentencing justice reiterated that it found "very few mitigating factors because of your prior criminal record and what had been done here, and based on what took place [at sentencing] I can say without hesitation that even if there had been some error in what Mr. Mooney had outlined to the court . . . I don't think it would have made one bit of difference in the sentence that was imposed here." (Transcript of motion hearing, May 30, 2002, p. 8.)

When Griffin and his counsel addressed the court, they neither objected to any statements by Mooney, nor claimed any errors, nor offered any corrections except to the amount of funds claimed taken, nor have they offered any evidence in this proceeding to show that any of Mooney's remarks to the court were improper or caused prejudice to Mr. Griffin in any way because he did not receive a copy of Mooney's letter in advance of the sentencing hearing.

The clerk will make the following entry as the Decision and Judgment of the court.

3

Petition for post-conviction relief is denied. Judgment is entered for respondent State of Maine.

So Ordered.

DATED: July 16, 2001

Thomas E. Delahanty II
Justice, Superior Court

A True Copy
Attest: _____
Clerk of Courts

JAMES GRIFFIN
  vs
STATE OF MAINE

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CR-2002-00610

**DOCKET RECORD**

PL. DOB: 06/08/1983
PL. ATTY: ANTHONY SINENI
       OFFICE OF ANTHONY SINENI III
       701 CONGRESS STREET
       PORTLAND ME 04102
       APPOINTED 09/05/2002

State's Attorney: STEPHANIE ANDERSON

*Julia Sheridan, ADI*

Filing Document: PETITION
Filing Date: 04/04/2002

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

04/04/2002 FILING DOCUMENT -  PETITION FILED ON 04/04/2002

       COPY OF PETITION, INDICTMENT, JUDGEMENT AND COMMITMENT AND DOCKET ENTRIES FOR CR00-1527
       SENT TO JUSTICE HUNTER.
05/20/2002 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 05/20/2002
       E ALLEN  HUNTER , JUSTICE
09/09/2002 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 09/06/2002

       Attorney:  ANTHONY SINENI
09/09/2002 POST CONVIC. REVIEW -  ORDER TO RESPOND TO PETITION SENT ON 09/09/2002

       SENT TO JULIA SHERIDAN, ESQ, DISTRICT ATTORNEYS OFFICE.
09/30/2002 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 09/27/2002

       DA:  JULIA SHERIDAN
09/30/2002 POST CONVIC. REVIEW -  NOTICE TO REQ/DISPENSE CONF. SENT ON 09/30/2002

       COPY TO BOTH PARTIES.
10/01/2002 POST CONVIC. REVIEW -  PCR CONFERENCE REQUEST FILED BY STATE ON 10/01/2002

       DA:  JULIA SHERIDAN
10/07/2002 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 10/10/2002 @ 9:30

10/07/2002 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 10/07/2002

       COPY TO BOTH PARTIES.
10/15/2002 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 10/10/2002
       WILLIAM  BRODRICK , JUSTICE
       EVIDENTIARY HEARING SET FOR 2 HOURS.
12/18/2002 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 01/06/2003 @ 1:00

       NOTICE TO PARTIES/COUNSEL
12/18/2002 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 12/18/2002

       COPY TO BOTH PARTIES.
12/18/2002 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/18/2002

Printed on: 07/21/2003